```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    MARK A. WILLIAMS (Cal. Bar No. 239351)
 4  Assistant United States Attorney
    Environmental Crimes Section
 5       1300 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone:  (213) 894-3359
 7       Facsimile:  (213) 894-6436
         E-mail:  mark.a.williams@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **CR10-00753** |
| Plaintiff, | |
| v. | PLEA AGREEMENT FOR DEFENDANT <u>MITCHELL CASE CALDERWOOD</u> |
| MITCHELL CASE CALDERWOOD, and CALDERWOOD RUBBER AND PLASTIC, INC., | [CLASS A MISDEMEANOR] |
| Defendants. | |

   1.  This constitutes the plea agreement between defendant MITCHELL CASE CALDERWOOD ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

///

///

## PLEA TO INFORMATION

2. Defendant agrees to plead guilty to a single-count misdemeanor information in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of the sole count of the information, which charges a violation of Title 33, United States Code, Sections 1311(a), 1319(c)(1)(A) (Negligent Discharge of Pollutants into Waters of the United States), the following must be true: (1) defendant negligently discharged; (2) pollutants, namely wastewaters containing Acclaim Polyol 2220N and PolyTHF 1000 Polyether; (3) from a point source, namely a storm drain; (4) into a tributary of waters of the United States, namely San Pedro Creek; (5) without or in violation of a permit. Defendant admits that defendant is, in fact, guilty of this offense as described in the information.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 33, United States Code, Sections 1311(a), 1319(c)(1)(A), is: a one-year term of imprisonment; a five-year term of probation or a one-year term of supervised release; a fine of not less than $2,500 or more than $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

5. To the extent that it is applicable in this case, supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions

1  and requirements. Defendant understands that if defendant
2  violates one or more of the conditions of any supervised release
3  imposed, defendant may be returned to prison for all or part of
4  the term of supervised release, which could result in defendant
5  serving a total term of imprisonment greater than the statutory
6  maximum stated above.
7      6. Defendant also understands that, by pleading guilty,
8  defendant may be giving up valuable government benefits and
9  valuable civic rights.
10     7. Defendant further understands that the conviction in
11 this case may subject defendant to various collateral
12 consequences, including but not limited to deportation,
13 revocation of probation, parole, or supervised release in
14 another case, and suspension or revocation of a professional
15 license. Defendant understands that unanticipated collateral
16 consequences will not serve as grounds to withdraw defendant's
17 guilty plea.
18     PAYMENT FINE, RESTITUTION, AND COMMUNITY SERVICE
19     8. Defendant and the USAO agree that an aggregate
20 criminal fine of $2,500 (two thousand five hundred dollars) is
21 appropriate in this case pursuant to United States Sentencing
22 Guidelines section 5E1.2 and 18 U.S.C. § 3553(a). Specifically,
23 defendant agrees and stipulates that defendant shall pay a total
24 criminal fine of $2,500 to the Clerk of the United States
25 District Court. The criminal fine shall be paid in full by a
26 cashier's check (or equivalent), and shall be made payable to
27 the Clerk of the United States District Court within 30 days of
28 the date of sentencing.

9. Defendant understands and agrees that defendant shall pay $18,000 (eighteen thousand dollars) in restitution to the United States Coast Guard for costs incurred in responding to, sampling, cleaning up, and analyzing the discharge of the pollutants at issue in this matter. Defendant and defendant CALDERWOOD RUBBER AND PLASTIC, INC., shall be jointly and severally responsible for the full restitution amount. Defendant further agrees that defendant will not seek the discharge this obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant further agrees to pay the restitution listed above within 180 days of sentencing.

10. Defendant agrees to perform 200 hours of community service as directed by the Court or the United States Probation Office as a condition of probation or supervised release.

## FACTUAL BASIS

11. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 14 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

   a. Defendant is the owner of Calderwood Rubber and Plastic, Inc. ("Calderwood Rubber"), a business that defendant operated at 336 South Fairview Avenue, Goleta, California, 93117 (the "Goleta Location"). Calderwood Rubber manufactures dental products, including barriers and device holders that are placed

in a patient's mouth during dental procedures. As part of the manufacturing process, defendant would create a release agent by mixing various chemicals at the Goleta Location. Defendant stored the release agent and chemicals in blue barrels at the Goleta Location.

    b.   Defendant knew that the barrels of chemicals that he stored at the Goleta Location contained, among other things, Acclaim Polyol 2220N and PolyTHF 1000 Polyether. These chemicals are "pollutants" as that term is defined in Title 33, United States Code, Section 1362(6).

    c.   In 2005, defendant provided a written response to the Goleta Sanitary District indicating that Calderwood Rubber did not discharge any pollutants.

    d.   On or about April 23, 2009, defendant knowingly used a hose to empty dry residue from the bottom of the barrels at the Goleta Location into the storm drain located in the driveway. In doing so, defendant negligently discharged Acclaim Polyol 2220N and PolyTHF 1000 Polyether into the storm drain. The storm drain empties into San Pedro Creek, which the parties agree is a tributary of waters of the United States, namely Goleta Slough and the Pacific Ocean.

    e.   When defendant negligently discharged the pollutants into the storm drain, defendant did not have, and knew that he did not have, a permit authorizing the discharge of any pollutants.

## WAIVER OF CONSTITUTIONAL RIGHTS

12. By pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

13. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

6

including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. § 2Q1.3(a)] |
| Discharge of pollutant: | +4 | [U.S.S.G. § 2Q1.3(b)(1)(B)] |
| Discharge without a permit: | +4 | [U.S.S.G. § 2Q1.3(b)(4) |
| Acceptance of Responsibility: | -2 | [U.S.S.G. § 3E1.1(a)] |
| Total Offense Level: | 12 | |

The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under § 3E1.1(b)) only if the conditions set forth in paragraphs 8-10 and 18 are met. Subject to paragraph 16, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the applicable Offense Level be imposed. If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered

7

act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

15. There is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

17. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court; (b) correct any and all factual misstatements relating to the calculation of the sentence; and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

18. Defendant agrees that he will:

    a. Plead guilty as set forth in this agreement.

    b. Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c. Not knowingly and willfully fail to: (i) appear for all court appearances; (ii) surrender as ordered for service

of sentence; (iii) obey all conditions of any bond; and (iv) obey any other ongoing court order in this matter.

    d.  Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e.  Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f.  Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

    g.  Pay the $18,000 in restitution within 180 days of the date of sentencing.

    h.  Pay the fine of $2,500 within 30 days of the date of sentencing.

    i.  To request to the Court that defendant be ordered to perform 200 hours of community service as a condition of probation or supervised release.

## THE USAO'S OBLIGATIONS

19.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

    a.  To abide by all sentencing stipulations contained in this agreement.

    b.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline

offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

## BREACH OF AGREEMENT

20. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all of its obligations under this agreement.

21. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b. Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

///

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

22. Defendant gives up the right to appeal any sentence imposed by the Court, including any fine and order of restitution, and the manner in which the sentence is determined, provided that the sentence is within the statutory maximum specified above and is constitutional. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any fine and order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

23. The USAO gives up its right to appeal the sentence, provided that the sentence is within the statutory maximum specified above and is constitutional.

///

## COURT NOT A PARTY

24. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

///

///

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED.

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_/s/ Mark A. Williams_      7-9-10
MARK A. WILLIAMS      Date
Assistant United States Attorney

I have read this agreement and carefully and have had the opportunity to discuss it with an attorney. I waive my right to consult with an attorney prior to entering into this plea agreement. I understand the terms of this agreement, and I voluntarily agree to those terms. I understand my rights, possible defenses, and the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement.

_/s/_      6-30-10
MITCHELL CASE CALDERWOOD      Date
Defendant

I am defendant MITCHELL CASE CALDERWOOD's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this

13

agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____       _____
GARY MEYER                      Date
Attorney for Defendant
MITCHELL CASE CALDERWOOD

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> MITCHELL CASE CALDERWOOD, and CALDERWOOD RUBBER AND PLASTIC, INC., <br> Defendants. | CR No. 10- <br><br> I N F O R M A T I O N <br><br> [33 U.S.C. §§ 1311(a), 1319(c)(1)(A): Negligent Discharge of Pollutants into Waters of the United States; 18 U.S.C. § 2(b): Causing an Act to be Done] <br><br> [CLASS A MISDEMEANOR] |

The United States Attorney charges:

On or about April 23, 2009, in Santa Barbara County, within the Central District of California, defendants MITCHELL CASE CALDERWOOD and CALDERWOOD RUBBER AND PLASTIC, INC., did negligently discharge, and cause the discharge of, pollutants, namely Acclaim Polyol 2220N and PolyTHF 1000 Polyether, from a point source, namely the storm drain located at 336 South Fairview Avenue, Goleta, California, into a tributary of waters of the United States, namely San Pedro Creek, without a permit

//
//

MAW:maw

issued by the United States Environmental Protection Agency or by an authorized state agency.

                              ANDRÉ BIROTTE JR.
                              United States Attorney

*/s/ Christine C Ewell*

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Environmental Crimes Section

## CERTIFICATE OF SERVICE

I, __Sandy Ear__, declare:

That I am a citizen of the United States that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of California, at whose direction the service by fax and mail described in this Certificate was made; that on __July 9, 2010,__ I deposited in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope, a copy of: **Plea Agreement for Defendant Mitchell Case Calderwood**

addressed to:  Gary Meyer, Esq.
Parker Milliken et al.
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071

at his last known address, at which place there is a delivery service by United States mail. This Certificate is executed on __July 9, 2010,__ at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct and resident or employed in Los Angeles County, California.

/s/ Sandy Ear
SANDY EAR